Argued and submitted November 2, ballot title certified November 16, 1988

**WASSON,**
*Petitioner,*

*v.*

**ROBERTS,**
*Respondent.*

(SC S35620)

764 P2d 219

Greg Wasson, Salem, petitioner *pro se.*

John A. Reuling, Jr., Assistant Attorney General, Salem, *contra.* With him on the Answering Memorandum were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

PER CURIAM

## PER CURIAM

Petitioner, who identifies himself as the chief petitioner on an initiative petition for a proposed amendment of the Oregon Constitution, challenges the ballot title for the measure certified by the Attorney General to the Secretary of State. ORS 250.065, 250.085.

The initiative petition proposes to amend Article IV, section 1(4)(c), of the Oregon Constitution, which presently provides:

> "All elections on initiative and referendum measures shall be held at the regular general elections, unless otherwise ordered by the Legislative Assembly."

The petition proposes to amend this provision to read as follows:

> "All initiative and referendum measures generated by petition that have satisfied the requirements established elsewhere in this section shall be placed before the People for their rejection or approval at the ensuing statewide election, special or general. The Legislative Assembly may direct the date that any measure it refers to the People will be placed before them."

The ballot title prepared by the Attorney General reads:

### "SETS ELECTION DATES FOR QUALIFIED STATE INITIATIVE, REFERENDUM MEASURES

> "*Question:* Shall Oregon Constitution be amended to provide that elections on initiative and referendum measures be held at next statewide election?

> "*Explanation:* Amends Oregon Constitution. Provides that elections on initiative and referendum measures, which originate by petition and are constitutionally qualified for the ballot, shall be held at the next statewide election, whether 'special or general.' Permits the legislature to select the election date for measures which it refers to the voters. Constitution now states that 'all elections on initiative and referendum measures shall be held at the regular general elections, unless otherwise ordered by the Legislative Assembly.'"

Petitioner asserts that the ballot title is not impartial insofar as it describes the proposed amendment as if it would make a

significant change toward opening the ballot to more initiative petitions, whereas petitioner maintains that the proposal only clarifies the correct interpretation of the existing provision. Specifically, petitioner complains that the Attorney General's ballot title assumes a clear meaning for the words "general elections" that petitioner considers incorrect.

Petitioner has briefed the interpretation of the disputed phrase with extensive references to the history of the constitutional provision for initiative and referral powers both at the time of their original adoption and in 1967-1968, when the present text was submitted to and enacted by the voters. He particularly quotes an argument made by W.S. U'ren, the long-time leader of the movement for popular legislation in Oregon, that a vote on an initiative petition should not be held for a biennial general election if an earlier statewide election is scheduled.

This is not the proceeding in which to pursue petitioner's argument about the correct application of the present law, because the adequacy of the Attorney General's proposed ballot title does not depend on the answer. The proposed Explanation, the part of the title that petitioner criticizes, states what the proposal would provide (that measures should be voted on at the next statewide election, whether labeled "special" or "general"), and what the present text provides. We see nothing in the Explanation that ascribes any particular significance, either major or minor, to the proposed change in text. Petitioner disagrees with past interpretations of the existing text, but these do not appear on the face of the ballot title. The proposed title strikes us as remaining carefully neutral on the issue that concerns petitioner.

Accordingly, we approve the proposed ballot title and certify it to the Secretary of State.